**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

TRANSCARE CORPORATION, et al.,

                        Debtors.
----------------------------------------------------------x
SHAMEEKA IEN on behalf of herself and all
others similarly situated,

                        Plaintiff,

            v.

TRANSCARE CORPORATION, TRANSCARE
NEW YORK, INC., TRANSCARE ML, INC., TC
AMBULANCE GROUP, INC., TRANSCARE
MANAGEMENT SERVICES, INC., TCBA
AMBULANCE, INC., TC BILLING AND
SERVICES CORPORATION, TRANSCARE
WESTCHESTER, INC., TRANSCARE
MARYLAND, INC., TC AMBULANCE NORTH,
INC. AND TRANSCARE HARFORD COUNTY,
INC., LYNN TILTON, ARK CLO 2001-1
LIMITED, ARK INVESTMENT PARTNERS II,
L.P., PATRIARCH PARTNERS, LLC, and
PATRIARCH PARTNERS III, LLC,

                        Defendants.
----------------------------------------------------------x

Chapter 7
Case No.: 16-10407 (SMB)
(Jointly Administered)

Adv. Pro. No.: 16-01033 (SMB)

## <u>ANSWER TO ADVERSARY CLASS ACTION COMPLAINT</u>

Salvatore LaMonica, in his capacity as the Chapter 7 Trustee (the "<u>Trustee</u>") of the

estates (the "<u>Debtors' Estates</u>") of defendants TransCare Corporation, TransCare New York,

Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc.,

TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Debtors"), as and for the Trustee's Answer to the Adversary Class Action Complaint (the "Complaint"), allege as follows:

### AS TO "NATURE OF THE ACTION"

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint except admits that Plaintiff purports to bring this action on behalf of herself, and other similarly situated former employees of the Debtors, under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., and the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 et seq. (collectively, the "WARN Acts").

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint except admits that Plaintiff and all similarly situated employees seek to recover wages and benefits under 29 U.S.C. § 2104 and NYLL § 860-(G)(2).

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint except admits that Plaintiff and all similarly situated employees seek to recover unpaid wages, including accrued vacation, under the laws of New York, Pennsylvania and Maryland.

5.      Denies the allegations contained in paragraph 5 of the Complaint.

2

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

7.      Paragraph 7 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer.

8.      Paragraph 8 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer.

9.      Paragraph 9 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer.

10.      Paragraph 10 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

## AS TO "THE PARTIES"

### As to "Plaintiff"

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

### As to "Defendants"

12.      Admits the allegations contained in paragraph 12 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Debtors maintained facilities in Delaware, Virginia and Washington D.C.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

## AS TO "SINGLE EMPLOYER ALLEGATIONS"

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

4

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

**As to "Common Ownership"**

26.     Admits, based upon information available to date, the allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint but refers to each Debtor's List of Equity and Security Holders and Statement of Corporate Ownership (as amended) that were filed with the Court.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint but refers to each Debtor's List of Equity and Security Holders and Statement of Corporate Ownership (as amended) that were filed with the Court.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

**As to "Common Directors and Officers"**

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

**As to "De Facto Control"**

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

**As to "Unity of Personnel Policies"**

50.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

**As to "Dependency of Operations")**

51.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

## AS TO "FEDERAL WARN CLASS ALLEGATIONS"

56.     Paragraph 56 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

57.     Paragraph 57 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

61.     Paragraph 61 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any

allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

62.      Paragraph 62 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

63.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64.      Paragraph 64 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

65.      Paragraph 65 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

66.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

## AS TO "NEW YORK WARN ACT CLASS ALLEGATIONS"

67.      Paragraph 67 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

9

68.     Paragraph 68 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

69.     Paragraph 69 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

73.     Paragraph 73 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

74.     Paragraph 74 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any

10

allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

75.     Paragraph 75 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

76.     Paragraph 76 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

## AS TO "CLAIMS FOR RELIEF"

### As to "First Cause of Action: Federal WARN Act (against all Defendants except Tilton")"

78.     Repeats and realleges the responses to Paragraphs 1 through 77 of the Complaint as the response to Paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

81.    Paragraph 81 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

82.    Paragraph 82 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

83.    Paragraph 83 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

84.    Denies the allegations contained in paragraph 84 of the Complaint.

85.    Paragraph 85 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

86.    Paragraph 86 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

12

88.    Paragraph 88 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.    Paragraph 90 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies that Plaintiffs' and the Class Members' claims are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A).

91.    Paragraph 91 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

### As to "Second Cause of Action: New York WARN Act (against all Defendants except Tilton")"

92.    Repeats and realleges the responses to Paragraphs 1 through 91 of the Complaint as the response to Paragraph 92 of the Complaint.

93.    Paragraph 93 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

13

94.     Paragraph 94 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

95.     Paragraph 95 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

96.     Paragraph 96 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

97.     Paragraph 97 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies that Plaintiffs' and the Class Members' claims are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A).

14

100.    Paragraph 100 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

### As to "Third Cause of Action: Unpaid Wages – New York (against all Defendants")

101.    Repeats and realleges the responses to Paragraphs 1 through 100 of the Complaint as the response to Paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

104.    Paragraph 104 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies such allegations.

105.    Paragraph 105 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

106.    Paragraph 106 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any

allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

### As to "Fourth Cause of Action: Unpaid Wages – Pennsylvania (against all Defendants")

107.    Repeats and realleges the responses to Paragraphs 1 through 106 of the Complaint as the response to Paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

109.    Paragraph 109 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

110.    Paragraph 110 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

### As to "Fifth Cause of Action: Unpaid Wages – Maryland (against all Defendants)"

111.    Repeats and realleges the responses to Paragraphs 1 through 110 of the Complaint as the response to Paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

113.    Paragraph 113 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

114.    Paragraph 114 of the Complaint sets forth legal conclusions that the Trustee of the Debtors' Estates is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, denies knowledge or information sufficient to form a belief as to truth or falsity of such allegations.

## AS TO "PRAYER FOR RELIEF"

The paragraph of the Complaint entitled "WHEREFORE" and its subsections (A) through (J), following paragraph 114 of the Complaint, is a prayer for relief as to which no response is required. To the extent an answer is deemed required, however, the Trustee of the Debtors' Estates denies that Plaintiff or any putative class members are entitled to any relief, whether requested in this section of the Complaint or otherwise.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought may be awarded.

17

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as to any matters for which Plaintiff failed to satisfy the statutory and/or administrative prerequisites to commencing and maintaining this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Debtors' Estates did not willfully and with intent deprive Plaintiff or the putative class members of any compensation owed to them under the provisions of the various state laws referenced in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members are barred by the doctrine of laches, unclean hands, waiver and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any putative class member has suffered injury, any such injury is the result of acts or omissions of Plaintiff or such putative class member, and not any act or omission of the Debtors' Estates.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's demand, on behalf of herself and the putative class, for liquidated damages, renders this action inappropriate for treatment as a class action, and award of such damages on an aggregate basis would deny the Debtors' Estates due process.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent the Debtors were required to give notice of termination to Plaintiff and/or the putative class members under the WARN Act, the Debtors were unable to give such notice because, pursuant to 29 U.S.C. § 2102(b)(2)(A) and upon information and belief, the

18

terminations were caused by business circumstances that were not reasonably foreseeable at the time that notice would have been required, and the WARN Act claim is therefore barred.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent the Debtors were required to give notice of termination to Plaintiff and/or the putative class members under the WARN Act, the Debtors were permitted, pursuant to 29 U.S.C. § 2102(b)(1) and upon information and belief, to order a closing or layoff without providing such notice because, as of the time notice would have been required, the Debtors were actively seeking capital and/or business which, if obtained, would have enabled the Debtors to avoid or postpone the closing or layoff and the Debtors reasonably and in good faith believed that giving the required notice would have precluded them from obtaining the needed capital and/or business. The WARN Act claim is therefore barred.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any liability or penalty assessed against the Debtors' Estates under the WARN Act must be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by the Debtors in purported violation of the WARN Act was made in good faith and, upon information and belief, the Debtors had reasonable grounds for believing any or all such acts or omissions did not violate the WARN Act.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent the Debtors were required to give notice of termination to Plaintiff and/or the putative class members under the NY WARN Act, Plaintiff's claims are barred under the unforeseeable business circumstances exception to the NY WARN Act, 12 N.Y.C.R.R. § 921-6.3, because, upon information and belief, the closing or layoff was caused by business

circumstances that were not reasonably foreseeable at the time that notice would have been required.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent the Debtors were required to give notice of termination to Plaintiff and/or the putative class members under the NY WARN Act, the Debtors were permitted, pursuant to 12 N.Y.C.R.R. § 921-6.2, to order a closing or layoff without providing such notice because, upon information and belief, as of the time notice would have been required, the Debtors were actively seeking capital and/or business which, if obtained, would have enabled the Debtors to avoid or postpone the closing or layoff and the Debtors reasonably and in good faith believed that giving the required notice would have precluded them from obtaining the needed capital and/or business. The NY WARN Act claim is therefore barred.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any liability or penalty assessed against the Debtors' estates under the NY WARN Act must be reduced pursuant to 12 N.Y.C.R.R. § 921-7.1 because any act or omission by the Debtors in purported violation of the NY WARN Act was, upon information and belief, made in good faith and the Debtors had, upon information and belief, reasonable grounds for believing any or all such acts or omissions did not violate the NY WARN Act.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent that they were not employed for the minimum required duration of time under the WARN Act or the NY WARN Act.

16-01033-smb    Doc 24    Filed 06/03/16    Entered 06/03/16 18:01:02    Main Document
Pg 21 of 22

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery should be limited to the extent Plaintiff or the putative class members have failed to mitigate any of the damages alleged in the Complaint.

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any of the putative class members are entitled to damages, the Debtors' Estates are entitled to a credit or set-off against amounts overpaid to them in the course of their employment.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

No portion of the claims of Plaintiff and the putative class members are not entitled to administrative expense priority status pursuant to 11 U.S.C. § 503(b)(1)(A).

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff and the putative class members may not be entitled to priority status under 11 U.S.C. § 507(a)(4) or (5).

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are not entitled to an allowed claim for reasonable attorneys' fees and any costs and disbursements incurred in prosecuting this case.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any individual Plaintiff seeks to represent are barred to the extent covered by a prior compromise or release of claims.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any individual Plaintiff seeks to represent are barred to the extent the time periods for which they are claiming entitlement to compensation fall within the *de minimis* exception to the applicable laws.

21

The Trustee reserve his rights to modify this Answer and/or to assert additional affirmative defenses should they become aware of additional defenses during the course of discovery, as set forth in Rule 8 of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Trustee demands judgment dismissing the Complaint in its entirety, together with such other and further relief as this Court deems just, proper and equitable.

Dated: June 3, 2016
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                   Counsel to Salvatore LaMonica, as Chapter 7 Trustee of TransCare Corporation, <u>et al</u>.

               By:     <u>*s/ Holly R. Holecek*</u>
                     Holly R. Holecek, Esq.
                     Jacqulyn S. Loftin, Esq.
                     3305 Jerusalem Avenue, Suite 201
                     Wantagh, New York 11793
                     Telephone: (516) 826-6500