**LaMONICA HERBST & MANISCALCO, LLP**
*On behalf of Salvatore LaMonica, the Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.

**Hearing Date: September 5, 2024 at 10:00 a.m.**
**Objection Deadline: 5:00 p.m. on August 29, 2024**

| | |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK | |
| In re:<br><br>TRANSCARE CORPORATION, <u>et al.</u>, | Case No.: 16-10407-DSJ<br>Chapter 7<br>(Jointly Administered) |
| SHAMEEKA IEN on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>TRANSCARE CORPORATION, TRANSCARE NEW YORK, INC., TRANSCARE ML, INC., TC AMBULANCE GROUP, INC., TRANSCARE MANAGEMENT SERVICES, INC., TCBA AMBULANCE, INC., TC BILLING AND SERVICES CORPORATION, TRANSCARE WESTCHESTER, INC., TRANSCARE MARYLAND, INC., TC AMBULANCE NORTH, INC. AND TRANSCARE HARFORD COUNTY, INC., LYNN TILTON, ARK CLO 2001-1 LIMITED, ARK INVESTMENT PARTNERS II, L.P., PATRIARCH PARTNERS, LLC, and PATRIARCH PARTNERS III, LLC,<br><br>    Defendants. | Adv. Pro. No.: 16−01033−DSJ |

**NOTICE OF HEARING ON TRUSTEE'S MOTION TO APPROVE ADDENDUM TO
SETTLEMENT AGREEMENT, AUTHORIZE THE TRUSTEE TO TAKE ALL STEPS
NECESSARY TO IMPLEMENT THE ADDENDUM TO SETTLEMENT AGREEMENT,
<u>AND FOR RELATED RELIEF</u>**

  **PLEASE TAKE NOTICE** that, on <u>**September 5, 2024 at 10:00 a.m.**</u>, or as soon

thereafter as counsel may be heard ("<u>Hearing</u>"), a hearing shall be held before the Honorable David

S. Jones, United States Bankruptcy Judge, on the motion ("<u>Motion</u>") of Salvatore LaMonica, solely

in his capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of TransCare Corporation, <u>et al</u> (collectively,

"Debtors"), seeking entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 363 ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving an Addendum to Settlement Agreement by and among the Trustee, plaintiff Shameeka Ien, on behalf of herself and the certified class of similarly situated former employees of Debtors, and Local 1181-1061, Amalgamated Transit Union, AFL-CIO; (ii) authorizing the Trustee to take all steps necessary to implement the Addendum to Settlement Agreement; and (iii) granting such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted by Zoom for Government® using the instructions on the Court's website, which can be found at: **https://www.nysb.uscourts.gov/zoom-video-hearing-guide**. If you wish to appear in the Hearing, you must register your appearance utilizing the Electronic Appearance portal located on the Court's website, which can be found at: **https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl**. **Appearances must be entered no later than 4 p.m. on September 4, 2024**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor, and be filed with the Court no later than **5:00 p.m. on August 29, 2024** as follows: (i) through the Court's Official Court Electronic Document Filing System, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the U.S.

Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004. A copy of any objection should be simultaneously sent to the Honorable David S. Jones, United States Bankruptcy Judge, pursuant to the Judge's procedures, available at: https://www.nysb.uscourts.gov/content/judge-david-s-jones (see Copies of Pleadings).

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without any other announcement other than that set forth in open Court.

**PLEASE TAKE FURTHER NOTICE** that in the event no objections are received by the Objection Deadline, an Order may be entered without a hearing having been held.

Dated: July 31, 2024
      Wantagh, New York          **LaMONICA HERBST & MANISCALCO, LLP**
                             Counsel to Salvatore LaMonica, as Chapter 7 Trustee

                    By:     *s/ Gary F. Herbst*
                             Gary F. Herbst, Esq.
                             Holly R. Holecek, Esq.
                             3305 Jerusalem Avenue, Suite 201
                             Wantagh, New York 11793
                             Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*On behalf of Salvatore LaMonica, the Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.

| | |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | |
| In re:<br><br>TRANSCARE CORPORATION, <u>et al.</u>, | Case No.: 16-10407-DSJ<br>Chapter 7<br>(Jointly Administered) |
| SHAMEEKA IEN on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br>v.<br><br>TRANSCARE CORPORATION, TRANSCARE NEW YORK, INC., TRANSCARE ML, INC., TC AMBULANCE GROUP, INC., TRANSCARE MANAGEMENT SERVICES, INC., TCBA AMBULANCE, INC., TC BILLING AND SERVICES CORPORATION, TRANSCARE WESTCHESTER, INC., TRANSCARE MARYLAND, INC., TC AMBULANCE NORTH, INC. AND TRANSCARE HARFORD COUNTY, INC., LYNN TILTON, ARK CLO 2001-1 LIMITED, ARK INVESTMENT PARTNERS II, L.P., PATRIARCH PARTNERS, LLC, and PATRIARCH PARTNERS III, LLC,<br><br>         Defendants. | Adv. Pro. No.: 16−01033−DSJ |

**TRUSTEE'S MOTION TO APPROVE ADDENDUM TO SETTLEMENT AGREEMENT, AUTHORIZE THE TRUSTEE TO TAKE ALL STEPS NECESSARY TO IMPLEMENT THE ADDENDUM TO SETTLEMENT AGREEMENT, <u>AND FOR RELATED RELIEF</u>**

Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of

TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group,

Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services

Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc.,

TransCare Harford County, Inc. (collectively, "Initial Debtors"), TransCare Pennsylvania, Inc., TC Hudson Valley Ambulance Corp., and TC Ambulance Corporation (collectively "Later-Filed Debtors," and together with the Initial Debtors, "Debtors"), by this motion ("Motion") seeks entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 363 ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving an Addendum to Settlement Agreement by and among the Trustee, plaintiff Shameeka Ien ("Plaintiff" or "Class Representative"), on behalf of herself and the certified class of similarly situated former employees of Debtors ("Class"), and Local 1181-1061, Amalgamated Transit Union, AFL-CIO ("Union"); (ii) authorizing the Trustee to take all steps necessary to implement the Addendum to Settlement Agreement; and (iii) granting such other and further relief as is just and proper, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      By Order entered on June 21, 2021 ("Approval Order") [ECF No. 188], the Court approved on a final basis a Settlement Agreement dated February 25, 2021 ("Settlement Agreement") between the Trustee and Plaintiff which, inter alia, resolved Plaintiff's adversary proceeding against the Debtors, approved the request for attorneys' fees and expenses of counsel to the Class, and approved a service payment to the Class Representative. The Settlement Agreement provides for an allowed claim with the priority set forth in section 507(a)(4) of the Bankruptcy Code ("Allowed Claim") for the total WARN and wage damages of the Class, either in an amount proven by the Class at trial against the non-debtor defendants in this adversary proceeding or established by agreement of the Trustee and Plaintiff. See ECF No. 172-1 at 5-6, ¶2.

2.      Consistent with the Settlement Agreement, the Trustee and Plaintiff now wish to resolve the amount of the Allowed Claim without further delay, expense and/or uncertainty

associated with Plaintiff's trial against the non-debtor defendants. The Trustee, Plaintiff and the Union[1], through their respective counsel, negotiated and reached the agreement reflected in the Addendum to Settlement Agreement ("Addendum"), a copy of which is annexed as **Exhibit A**. Pursuant to the Addendum, the Allowed Claim will be liquidated in the amount of $17,500,000 and paid from the TransCare Corporation estate to a settlement administrator, American Legal Claim Services ("ALCS" or "Settlement Administrator"), for distribution targeted for this calendar year. See Exhibit A at 3, ¶1; 4-5, ¶6. To this end, the Trustee seeks authority to take all steps necessary to implement the Addendum, including paying ALCS for its services to the Class.

3. Based upon the record in this adversary proceeding and the Debtors' cases, and as set forth more fully below, the Trustee submits that the Court should approve the Addendum and grant the related relief requested herein.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

4. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in this Motion include sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rule 9019.

## BACKGROUND

**A.** **Relevant Procedural History**

5. On February 24, 2016 ("Petition Date"), the Initial Debtors each filed voluntary petitions under Chapter 7 of the Bankruptcy Code.

6. On March 1, 2016, Plaintiff, filed this adversary proceeding on behalf of herself

---

[1] The Class's unpaid wages and PTO claims encompass and subsume identical claims asserted in the proofs of claim filed by the Union against the Debtors' estates; in the interest of an orderly, expedited distribution, the Union agreed to release such claims as against the Debtors' estates with the reservation of all rights to pursue such claims against the non-debtor defendants in this adversary proceeding.

and similarly situated employees of the Debtors against the Initial Debtors and non-debtors Lynn Tilton, ARK II CLO 2001- 1 Limited Ark Investment Partners II, L.P., Patriarch Partners, Inc. and Patriarch Partners III, LLC ("Complaint"). See ECF No. 1.

7.      On April 25, 2016, the Later-Filed Debtors each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Court.

8.      All of the Debtors' Chapter 7 cases are being jointly administered for procedural purposes under the TransCare Corporation case (i.e., Case No.: 16-10407-DSJ).

9.      Plaintiff alleges in the Complaint that the Debtors and the non-debtor defendants did not provide sixty (60) days' advance written notice of a mass layoff as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., and the New York WARN Act, New York Labor Law ("NYLL") § 860 et seq. (collectively, "WARN Acts"), as well as all unpaid wages under various state payment of wages laws.

10.     On June 3, 2016, the Trustee timely answered the Complaint, denying all of Plaintiff's allegations and asserting affirmative defenses that, if proved, would relieve the Debtors' bankruptcy estates of all liability under the WARN Acts. See ECF No.

11.     On October 24, 2016, the Court entered an order certifying the Class. See ECF No. 46.

**B.      The Settlement Agreement Between The Trustee and Plaintiff**

12.     After extensive, good faith, arm's-length negotiations, the Trustee and Plaintiff entered into the Settlement Agreement to resolve this adversary proceeding as against the Debtors' estates. By joint motion dated February 25, 2021, the Trustee and Plaintiff sought entry of an Order approving the Settlement Agreement and granting related relief. See ECF No. 172.

13.     The Settlement Agreement provides, inter alia, that:

a. <u>Allowed Claim:</u> In full and complete satisfaction of all claims (as that term is defined in section 105(5) of the Bankruptcy Code asserted in the Complaint and all alleged claims arising from or related to the WARN Acts, as well as all unpaid wages under various state payment of wages laws against the Debtors, the Class shall have an allowed unsecured claim against the Debtors' estates with the priority set forth in section 507(a)(4) of the Bankruptcy Code ("Allowed Claim"). In the event that the Class fully prevails in establishing its WARN and wage claims against the Non-Debtor Defendants, the amount of the Allowed Claim shall equal the total amount of the Class WARN and wage claims established at trial against the Non-Debtor Defendants, inclusive of penalties, liquidated damages, attorneys' fees and expenses, and interest. However, to the extent the claims against the Non-Debtor Defendants are not fully established by the Class against the Non-Debtor Defendants because the Non-Debtor Defendants are found to be not liable in whole or in part, or because the damages against the Non-Debtor Defendants are found to be offset or reduced by a defense, or for any other reason that results in the lack of a benchmark, the Parties agree to confer and establish, within thirty days, the amount of the Allowed Claim. The Parties further agree that the Bankruptcy Court will resolve any disputes concerning the calculation of the Allowed Claim.

b. <u>Pro Rata Shares of Class Members</u> – To the extent the amount to be paid by the Trustee on the Allowed Claim is less than 100% of the Allowed Claim, distributions to individual Class Members shall be made on a pro rata basis, based upon each individual Class Member's average monthly gross wages or salary, commissions, and any benefits under any employee benefit plan during the sixty (60) day period preceding the Petition Date (the "Back Pay"). The term "pro rata" as used herein shall mean the quotient of each individual Class Member's WARN Back Pay amount and unpaid wages over the aggregate WARN Back Pay and unpaid wages for all Class Members (such amount being each Class Member's "Pro Rata Share"). All computations relating to each Class Member's Back Pay and Pro Rata Share shall be calculated by Plaintiff's counsel.

c. <u>Individual Class Member Distributions</u> – Each individual Class Member shall be entitled to receive such Class Member's Pro Rata Share from the Allowed Claim, net of Class Counsel's Fee Award and the Service Payment (each a "Distribution" and collectively the "Distributions"). For the avoidance of doubt, the Allowed Claim will first be reduced by the Class Representative Service Payments and Class Counsel's Fee Award. The remainder shall be allocated to each Class Member in the amount of his or her Pro Rata Share, net of withholdings and employment taxes. Distributions shall be made upon approval of the Trustee's Final Report (or earlier if allowed by Order of the Bankruptcy Court).

<u>See</u> ECF No. 172-1 at 5-6, ¶2; 7-8, ¶¶5, 6.

14. By Order entered on March 31, 2021, the Court preliminarily approved the Settlement Agreement subject to notice to the Class and an opportunity to object. <u>See</u> ECF No.

177.

15.     By Order entered on June 21, 2021, i.e., the Approval Order, the Court granted final approval of the Settlement Agreement and, inter alia: (a) awarded counsel to the Class fees in the amount of 1/3 of the amount paid on the Allowed Claim and expenses incurred to date of $36,271.65 ("Class Counsel's Fees and Expenses"); and (b) approved a service fee not to exceed $25,000 for the Class Representative ("Class Representative Service Payment"). See ECF No. 188.

16.     On July 28, 2021, consistent with the Approval Order, counsel to the Class sought approval to provide notice and an opportunity to opt-out to an additional nineteen (19) class members. See ECF No. 190. By Order entered on October 29, 2021, the Court approved the request. See ECF No. 198. Notice was provided on November 12, 2021 and none of the additional class members elected to opt-out of the certified class. See ECF No. 212.

**C.     The Addendum to Settlement Agreement**

17.     In September 2022, the parties stipulated to stay submission of a joint pretrial order and the setting of a pretrial conference in this adversary proceeding pending a decision from the United States Court of Appeals for the Second Circuit ("Second Circuit") in *In re: Transcare Corporation*, Case Nos. 21-02576 and 21-02547. See ECF No. 209. On September 15, 2022, the Court So Ordered the stipulation. See ECF No. 210. On August 28, 2023, the Second Circuit affirmed the judgments of the United States District Court for the Southern District of New York and this Court in favor of the Trustee and, on November 29, 2023, the sum of $51,794,847.07 was collected by the Trustee.

18.     Thereafter, the Trustee and Plaintiff engaged in good faith discussions concerning the amount of the Allowed Claim. The Trustee, Plaintiff and Union reached an agreement on the amount of the Allowed Claim, as contemplated by the Settlement Agreement, with the goal of

payment to the Class this calendar year. The essential terms of the Addendum are as follows:[2]

    a.  <u>Allowed Claim</u> - Paragraph 2 of the Settlement Agreement is amended to provide that the Class shall have an allowed 11 U.S.C. §507(a)(4) priority claim in the TransCare Corporation case in the amount of Seventeen Million Five Hundred Thousand ($17,500,000) Dollars (the "Allowed Claim") to be paid by the Trustee to the Settlement Administrator within ten business days of an order of the Bankruptcy Court approving the Addendum becoming final. The payment of the Allowed Claim shall be in full and final satisfaction of all alleged claims arising from or related to the WARN Acts, as that term is defined in the Settlement Agreement. The Class shall waive any and all claims for WARN damages or unpaid wages or unpaid paid time off ("PTO"), to include, without limitation, any such priority and general unsecured claim against any of the Debtors' estates in exchange for payment in full of the Allowed Claim.

    b.  The Parties, including the Union, intending to be fully bound, agree that the Class's unpaid wages and PTO claims encompass and subsume the identical claims asserted in the Union Claims, and that no portion of those claims are being adjudicated under the Settlement Agreement. Rather, they are the subject of a liability judgment in favor of the Class against the Non-Debtor Defendants in their Adversary Proceeding (No. 16-01033), which the Class shall have the right to continue to prosecute against the Non-Debtor Defendants. In the interest of an orderly, expedited distribution, the Class and Union release the Trustee and related parties of all claims arising out of the Complaint as set forth in paragraph 12 of the Settlement Agreement and the Union Claims, with the reservation of all rights to pursue such claims against the Non-Debtor Defendants. For clarity, this reservation of rights includes, without limiting any of the above, the Union's claims to be entitled to be paid its dues as described in the Union's proofs of claim.

    c.  The Parties, including the Union, intending to be fully bound, agree that the Union Claims, as set forth in <u>Schedule A</u>, shall be deemed withdrawn and disallowed in any and all of the Debtors' estates and the Union shall have no other allowed claim against any of the Debtors' estates.

    d.  The claims, together with all amendments, of the Class members that have filed claims in the cases identified on <u>Schedule B</u>, shall be withdrawn, and disallowed in those cases, and such claims shall be paid in accordance with the Allowed Claim under the Settlement Agreement and the Addendum.

    e.  The claims, together with all amendments, of the Class members that have filed claims in the TransCare Corporation estate identified on <u>Schedule C</u> shall be deemed settled and withdrawn against the TransCare Corporation estate and such claims shall be paid in accordance with the Allowed Claim under the Settlement

---

[2]    This summary of the Addendum is qualified in its entirety by the terms and provisions of the Addendum. To the extent that there are any inconsistencies between the description of the Addendum contained in the Motion and the terms and provisions of the Addendum, the Addendum shall control.

Agreement and the Addendum.

f. <u>Settlement Administrator</u> – Class Counsel shall retain the services of American Legal Claim Services as the settlement administrator (the "Settlement Administrator") to handle the administration of the settlement through a qualified settlement fund. The Settlement Administrator shall be responsible for, inter alia, distributing Class Counsel's Fees and Expenses, the Class Representative Service Payment, the individual Class Member settlement checks, IRS Form 1099s and W-2s, taxes, if any, associated with distribution of the above payments, and the payment of unclaimed funds into the Clerk of the Bankruptcy Court as more fully set forth in paragraphs 3, 4, 9, 10, and 11 the Settlement Agreement. The TransCare Corporation estate shall bear the cost of the Settlement Administrator's services and the employer's share of any payroll taxes and pay them from funds separate from the Allowed Claim.

g. Payment of the Allowed Claim – Paragraph 6 of the Settlement Agreement is amended to provide that, subject to Court approval, the Trustee shall pay the Allowed Claim to the Settlement Administrator within ten business days of an order of the Bankruptcy Court approving the Addendum becoming final.

h. Treatment of Unclaimed Funds - Paragraph 11 of the Settlement Agreement is amended to provide that any distribution to Class Members that are not deposited or presented for payment within one hundred eighty (180) days of the date of distribution shall be deemed unclaimed funds to be first distributed to anyone omitted from the Settlement Class, who Class Counsel qualify to be Class Members, with any remaining funds deposited with the Clerk of the Court.

i. Class Members' Exclusive Remedy – Paragraph 13 of the Settlement Agreement is amended to provide that the Court shall disallow the remaining WARN claim and disallow and expunge any individually filed proofs of claim of class members for WARN damages or unpaid wages or unpaid paid time off ("PTO") without prejudice to the Class seeking its remedies in full for unpaid wages and/or PTO amounts from the Non-Debtor Defendants.

See Exhibit A at 3-5, ¶¶1-9.

## RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

19. By this Motion, the Trustee seeks entry of an order substantially in the form attached to this Motion as **Exhibit B**: (a) approving the Addendum; and (b) granting related relief.

## A. The Court Should Approve The Addendum To Settlement Agreement

20. Bankruptcy Rule 9019 provides that "on motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement[.]" FED. R. BANKR. P. 9019(a).

Section 105(a) of the Bankruptcy Code empowers a court to issue any order that is "necessary or appropriate." 11 U.S.C. § 105(a).

21. The authority to approve a compromise or settlement is within the sound discretion of the Court. See Newman v. Stein, 464 F.2d 689, 692 (2d Cir. 1972). The Court may exercise its discretion "in light of the general public policy favoring settlements." In re Hibbard Brown & Co., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); see also Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("the general rule [is] that settlements are favored, in fact, encouraged . . .").

22. When exercising its discretion, the Court must determine whether the settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. See, e.g., Ionosphere Clubs v. Ionosphere Clubs (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); In re Purofied Down Prods. Corp., 150 B.R. 519, 523 (S.D.N.Y. 1993). The Court must find that a settlement is fair and equitable based on "the probabilities of ultimate success should the claim be litigated," and "an educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968).

23. The Court need not decide the numerous issues of law and fact raised in the underlying dispute, "but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" In re Adelphia Commc'ns Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)); see also In re Purofied Down Prods. Corp., 150 B.R. at 522.

24. The United States Court of Appeals for the Second Circuit outlined the test for

consideration of settlements under the Bankruptcy Rules in <u>Motorola, Inc. v. Off. Comm. of</u>

<u>Unsecured Creditors (In re Iridium Operating L.L.C.)</u>, 478 F.3d 452, 462 (2d Cir. 2007). The

factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

<u>Id</u>. (internal citations omitted). The burden is on the settlement proponent to persuade the court

that the settlement is in the best interests of the estate. <u>See</u> 8 NORTON BANKRUPTCY LAW AND

PRACTICE 3D § 167:2 (3d ed. 2011).

 25. In this case, and as reflected in the Approval Order, the Court already determined that

the Settlement Agreement fell within the range of reasonableness, satisfied the <u>Iridium</u> factors and

warranted Court approval. As contemplated in the Settlement Agreement, the Trustee and Plaintiff have

now negotiated and entered into the Addendum to liquidate the Allowed Claim. As set forth below, the

Addendum falls within the range of reasonableness, satisfies the <u>Iridium</u> factors and warrants Court

approval.

### i. <u>Paramount Interests of Creditors</u>

 26. The Debtors commenced these Chapter 7 cases over eight (8) years ago. The

Debtors' former employees are, in number, the Debtors' largest creditors. The agreement reflected

in the Addendum liquidates the Allowed Claim, and avoids the delay, substantial costs and

uncertainty associated with a trial between the Plaintiff and the non-debtor defendants. If the Court

approves the Addendum, it is contemplated that distributions will be made this year to members of the Class.

27.     Equally important, the Addendum provides for the withdrawal of hundreds of proofs of claim filed in the Debtors' cases without further objection or delay. The withdrawal of those claims represents a critical step in the Trustee's final administration and wind down of the Debtors' estates.

28.     Accordingly, the paramount interests of creditors weigh heavily in favor of this Court finding, as the Trustee did, that the agreement embodied in the Addendum is a reasonable one.

**ii.      Complex and Protracted Litigation and the Specific Benefits of the Settlement**

29.     Although Plaintiff asserts that the Class's asserted WARN and wage claims exceed $24 million in damages, (exclusive of attorneys' fees and interest), continued litigation is inherently risky, would be costly and would be time consuming. The Addendum avoids all these risks and provides certainty for, inter alia, the Trustee, the Debtors' estates, and the members of the Class. The Addendum liquidates the amount of the Allowed Claim without further uncertainty or delay, and provides a mechanism for distributions to the Class. Thus, the finality, timing and certainty of the agreement embodied in the Addendum weigh heavily in favor of this Court finding, as the Trustee did, that the settlement is a reasonable one.

**iii.     Competent and Experienced Counsel Support the Settlement**

30.     Counsel to the Trustee, Plaintiff, and the Union each played an active role in formulating and negotiating the Addendum. Ultimately, the parties and their respective counsel all approve of and support the compromise as embodied in the Addendum. The Addendum will allow the Trustee to proceed with the orderly wind-down of the Debtors' estates and will help maximize and expedite distributions to creditors, including the Class, by avoiding the significant expense

and uncertainty associated with continued litigation of this adversary proceeding to liquidate the amount of the Allowed Claim.

### iv.    Good Faith Negotiations

31.    The Addendum is the product of direct arm's-length negotiations between the Trustee, Plaintiff and the Union, each of whom is represented by separate counsel.

32.    Based on the foregoing, the Addendum is in the best interests of the Debtors' estates and their creditors, which include members of the Class, and falls well within the range of reasonableness.

## B.    The Trustee Should Be Authorized To Take All Steps Necessary To Implement The Addendum

33.    Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

34.    Here, the Addendum provides that the Trustee shall pay the Allowed Claim to ALCS, which is being retained by Class Counsel to handle the administration of the settlement. See Exhibit A at 4-5, ¶¶6, 7. As reflected in the Addendum, the TransCare Corporation estate shall bear the costs of the Settlement Administrator's services and the employer's share of any payroll taxes, and the Trustee shall pay such costs and any payroll taxes from funds separate from the Allowed Claim. See id. The Settlement Administrator shall be responsible for, inter alia, distributing Class Counsel's Fees and Expenses, the Class Representative Service Payment, the individual Class Member settlement checks, IRS Form 1099s and W-2s, taxes, if any, associated with distribution of the above payments, and the payment of unclaimed funds into the Clerk of the Bankruptcy Court as more fully set forth in paragraphs 3, 4, 9, 10, and 11 the Settlement Agreement. See id.

35. ALCS was recommended by counsel to the Class to act as the Settlement Administrator in this case. The Trustee is informed that ALCS has been engaged to perform similar services in other bankruptcy cases, and has done so with success. See, e.g., Stone, on behalf of himself and all others similarly situated, v. Pennsysaver USA, LLC, et al., Adv. Pro. No.: 15-50372-CTG, ECF Nos. 49, 55 (Bankr. De. May 17, 2024); Walker on behalf of himself and all others similarly situated v. Product Quest Manufacturing, LLC, et al., Adv. Pro. No.: 18-06028 (LMJ), ECF No. 58 (Bankr. M.D. N.C., June 2, 2023); In re ITT Education Services, Inc., et al., Case No.: 16-07207-JMC-7A, ECF No. 4856 (Bankr. S.D. In. April 27, 2022). In each of the foregoing cases, the courts authorized the engagement of ALCS as the settlement administrator to implement distributions to class members in WARN Act litigations.

36. ALCS estimates that the costs for its services will be approximately $50,000 to $60,000.

37. To the extent the Court approves the Addendum, the Trustee should be authorized pursuant to sections 105(a) and 363 of the Bankruptcy Code to pay from the TransCare Corporation estate: (a) any estate taxes owed, which he will do in consultation with his retained financial advisors; and (b) ALCS for its services without further Order of the Court.

## NOTICE AND NO PRIOR REQUEST

38. Notice of this Motion will be provided to all parties required to receive notice under Bankruptcy Rule 2002(a)(3) and members of the Class. The Trustee submits that no other or further notice need be provided.

39. No previous application for the relief sought in this Motion has been made to this or any other Court.

## CONCLUSION

40.     The Trustee submits that the agreement reflected in the Addendum is fair, reasonable and appropriate and in the best interest of the Debtors and their estates, as well as the Class. The Trustee reached this conclusion after considering the facts and relevant case law. As such, the Trustee requests that the Addendum be approved.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit B**: (i) granting the Motion and approving the Addendum; and (ii) granting such other relief as the Court deems just and proper.

Dated: July 31, 2024
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                 Counsel to Salvatore LaMonica, as Chapter 7 Trustee

                    By:       *s/ Gary F. Herbst*
                               Gary F. Herbst, Esq.
                               Holly R. Holecek, Esq.
                               3305 Jerusalem Avenue, Suite 201
                               Wantagh, New York 11793
                               Telephone: (516) 826-6500